[Civil No. 2445. Civil No. 2431. Filed November 8, 1926.]

[250 Pac. 363.]

WILLARD H. MALCOLM, Appellant, v. THE VALLEY BANK, a Corporation; THE VALLEY BANK, a Corporation, Trustee, Appellees.

THE VALLEY BANK ADJUSTMENT COMPANY, Defendant and Appellant, v. WILLARD H. MALCOLM, Plaintiff and Appellee.

Mr. J. Early Craig and Mr. Charles B. Ward, for Appellant and Cross-appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellees and Cross-appellants.

JONES, Superior Judge.—This case was here before (*Valley Bank, etc.,* v. *Malcolm,* 23 Ariz. 395, 204 Pac. 207), where the facts are fully stated. There is no necessity for their repetition. Suffice it to say that Malcolm, a creditor of the Valley Bank of Phoenix, sought to collect his debt from the Valley Bank and the Valley Bank Adjustment Company on the trust fund theory. The old bank (Valley Bank of Phoenix), while insolvent, transferred all its assets to the new bank (Valley Bank), upon the latter's assumption of all the former's known debts, of which Malcolm's was not one. Upon the first trial Malcolm recovered against the new bank and the adjustment company, but this court reversed that judgment, because there was no finding that the assets of the old bank had exceeded its known liabilities. Upon the retrial the court found that such assets did not exceed the assumed liabilities, and consequently entered judgment for the new bank against Malcolm, but ordered the adjustment company to pay Malcolm's claim. Malcolm appeals from the judgment for the bank, and the adjustment company appeals from the judgment against it.

The contention that the findings are not in proper form may be put aside. If there are no formal findings, the rule requires us to presume that findings sufficient to support the judgment were made. We have, therefore, the finding that the assets acquired by the new bank did not exceed the debts it assumed,

and this Malcolm assails as being unsupported by, and contrary to, the only competent evidence in the case.

The question turns on the proper valuation to give the real estate. Malcolm concedes that it was incumbent on him to show that its value exceeded $214,000. If there is substantial evidence in the record to support the court's conclusion that the real estate was worth less, we are bound to affirm the judgment.

It appeared from competent testimony that the new bank gave the old bank a credit of $192,000 for the land. It had been carried on the books of the old bank at that figure. It also appeared that at the time of the transfer a committee had been appointed by the two banks to appraise the land, and that their appraisal entered into the negotiations. From a report filed by an auditor appointed by consent of all parties, it appeared that this committee had fixed such value at approximately $203,000. Against this Malcolm offered a number of witnesses, who testified to the character of the land, its rental and productive value, and the use to which it had been and was being put. This testimony was given in 1923, and the question to be determined was the value of the land in 1914, when the conveyance was made. They also gave opinions that the value was in 1914 in excess of $214,000.

If the court were bound to accept their opinions, Malcolm should have had judgment; but it was not. We know of no reason why the court could not conclude from all the evidence the land was worth less than $214,000. Opinion testimony of land values, nine years after the event, is doubtless of probative value; but it surely is not conclusive. This likewise disposes of the contention that the only evidence to support the court's finding was the statement in the

auditor's report of the valuations fixed by the committee of appraisers.

Coming to the Valley Bank Adjustment Company's appeal, we are at a loss to understand the theory upon which the court below entered judgment. Nor are we enlightened by counsel. If the trial court's view was that the adjustment company was a mere form for the handling of assets of the old bank for the benefit of its creditors, it runs counter to the whole theory of plaintiff's case, viz., that all the assets of the old bank were transferred to the new one. The establishment of that fact is vital to his right of recovery from the bank. He developed it fully at the trial, and now relies thereon upon his appeal.

If it be true that all the assets were conveyed to the new bank, and that they did not exceed the liabilities assumed, the property conveyed was not impressed with any trust in favor of Malcolm. What subsequently occurred is of no concern to Malcolm.

There are expressions in the opinion indicating that the liability of the adjustment company arose, at least partly, from the fact that it paid the new bank less for the property it received than it was worth. This conclusion (assuming it at all material) is arrived at on the basis of a presumption that the $869,000 "desperate assets" taken over by the adjustment company were worth their face value. But such a presumption cannot be seriously entertained, in the face of the record that a portion of this $869,000 was capital stock, $150,000, surplus, $150,000, and undivided profits $7,000, of the old bank, all of which had been completely wiped out. Of the remaining securities, about one-half of the par value was collected after a campaign of some years' duration.

In reality, the Valley Bank Adjustment Company, was merely an arm of the new bank. If the bank was not liable, it could not be. We adhere to the conclusion that the plaintiff's case stood or fell on the ques-

tion of value discussed above. That question of fact was answered by the trial court upon competent evidence against plaintiff's contention, and that ended the case.

The judgment for the bank is affirmed; the judgment for Malcolm is reversed, with directions to enter judgment for the adjustment company.

McALISTER, C. J., and ROSS, J., concur.